**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

LAWANDA COOPER,

       Plaintiff,

v.                                                                      Case No.    14-12346

FORD MOTOR CO.,

       Defendant.

_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

      Pending before the court is a Motion to Dismiss, filed by Defendant Ford Motor Co. ("Ford") on September 19, 2014 (Dkt. # 5).  Plaintiff Lawanda Cooper, proceeding *pro se*, brought this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, alleging that she was unlawfully terminated from her position.  Plaintiff, however, has filed no brief in response to Defendant's motion, and the time for response has passed.  *See* E.D. Mich. LR 7.1(a).

      Plaintiff's complaint, in full, states that she "was accused of threatening co-workers," but "was never told who [she] supposedly threatened" and that she "was also harassed by Virgil Seal who is a labor relations rep." (Dkt. # 1, Pg. ID 1).  According to the complaint, this "result[ed] in termination after 34 yrs. of service with [an] outstanding work record."  (*Id.*)  Although it does not appear on the face of the complaint, Plaintiff's Civil Cover Sheet states that the cause of action is filed under Title VII and the brief description is listed as "Race discrimination."  (*Id.,* Pg. ID 4).

Plaintiff's cursory statement of claim is insufficient to allege the elements of a Title VII race discrimination claim.[1]  A Title VII plaintiff must make a prima facie showing "(1) that [s]he is a member of a protected class; (2) that [s]he suffered an adverse employment action; (3) that [s]he was qualified for the position; and (4) that a similarly-situated employee outside the protected class or classes was treated more favorably than [s]he." *Dodd v. Donohoe*, 715 F.3d 151, 156 (6th Cir. 2013).  Although the court liberally construes Plaintiff's complaint—assuming that she is a member of a protected class despite the absence of an allegation that she is—Plaintiff still fails to allege the fourth element and, as such, her Title VII claim must be dismissed.  Accordingly,

IT IS ORDERED that Defendant's Motion to Dismiss (Dkt. # 5) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff Lawanda Cooper's complaint (Dkt. # 1) is DISMISSED

 s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  November 14, 2014
I hereby certify that a copy of the foregoing document was mailed to Lawanda Cooper, counsel of record on this date, November 14, 2014, by electronic and/or ordinary mail.

 s/Karri Sandusky
Case Manager and Deputy Clerk
(313) 234-5522

---

[1]In the alternative, Plaintiff's claim fails because she has not satisfied the procedural prerequisites. A complaint must be timely filed with the Equal Employment Opportunity Commission ("EEOC") before a Title VII action can be brought in federal court.  *Rasimas v. Mich. Dep't of Mental Health*, 714 F.2d 614, 620 (6th Cir.1983).